UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM WALSH,<br>Plaintiff,<br>v.<br>PITNEY BOWES, INC. (sic),<br>Defendant. | ) | **C.A. NO. 08-116L** |

## ANSWER

Defendant Pitney Bowes Inc. ("Pitney Bowes") hereby responds to Plaintiff William Walsh's ("Mr. Walsh") Complaint as follows:

1. States that it lacks sufficient knowledge and information to respond to the allegations contained in paragraph one of Plaintiff's Complaint, and leaves Plaintiff to his proof.

2. Denies the allegations contained in paragraph two of Plaintiff's Complaint, except to admit that Defendant Pitney Bowes, Inc. is a Delaware Corporation with its headquarters in Stamford, Connecticut, and it regularly conducts business in Rhode Island.

3. States that it lacks sufficient knowledge and information to respond to the allegations in paragraph three of Plaintiff's Complaint, and leaves Plaintiff to his proof.

4. States that it lacks sufficient knowledge and information to respond to the allegations in paragraph four of Plaintiff's Complaint, and respectfully refers the Court to Exhibit 1 attached to Plaintiff's Complaint as the best evidence of Mr. Walsh's IBIS commission agreement.

5. States that it lacks sufficient knowledge and information to respond to the allegations in paragraph five of Plaintiff's Complaint, and respectfully refers the Court to Exhibit 1 attached to Plaintiff's Complaint as the best evidence of Mr. Walsh's IBIS commission agreement.

6. States that it lacks sufficient knowledge and information to respond to the allegations in paragraph six of Plaintiff's Complaint and leaves Plaintiff to his proof.

7. States that it lacks sufficient knowledge and information to respond to the allegations in paragraph seven of Plaintiff's Complaint and leaves Plaintiff to his proof.

8. States that it lacks sufficient knowledge and information to respond to the allegations in paragraph eight of Plaintiff's Complaint and leaves Plaintiff to his proof.

9. Admits the allegations contained in paragraph nine of Plaintiff's Complaint.

10. Denies the allegations contained in paragraph ten of Plaintiff's Complaint, except to admit that from the date of Pitney Bowes' acquisition of IBIS until Mr. Walsh's resignation, his compensation structure never changed.

11. Denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint except to admit that Mr. Hutchinson asked Mr. Walsh to oversee the work of the Compulit salespeople as well as the IBIS salespeople during a brief transition period during which Mr. Hutchinson was reorganizing the PBLS reporting structure.

12. Denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint except to admit that Mr. Hutchinson asked Mr. Walsh to oversee the work of the Compulit salespeople as well as the IBIS salespeople during a brief transition period during which Mr. Hutchinson was reorganizing the PBLS reporting structure.

13. Denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint, except to admit that Mr. Walsh did oversee the work of the Compulit salespeople as well as the IBIS salespeople during a brief transition period during which Mr. Hutchinson was reorganizing the PBLS reporting structure.

14. Denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint except to admit that (i) Plaintiff was never interviewed for the Vice President of Sales position for PBLS and (ii) Mr. Hutchinson pushed the responsibility for pricing decisions down to the operational managers in September 2007.

15. Denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint except to admit that a typographical error in a memo dated August 21, 2007 listed Mr. Walsh as a Director rather than a Vice-President but the Company (i) issued a retraction and a corrected memo, (ii) repeatedly assured Mr. Walsh that the memo contained a typographical error and he had not been demoted, and (iii) spoke with all of his subordinates in person to clarify this issue. Pitney Bowes admits that in August 2007, Mr. Hutchinson directed Mr. Walsh to report to Shawn Adams whom Mr. Hutchinson appointed as Vice President of Sales for PBLS.

16. Denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint except to admit that Mr. Walsh submitted his resignation to Shawn Adams on September 14, 2007, effective September 30, 2007.

17. Denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint except to admit that Mr. Walsh met with Human Resources Manager, Paula Norman,

after he resigned on September 14, 2008, and they discussed his necessary termination paperwork, and his opinions regarding his entitlement to commissions upon termination.

19. Denies each and every allegation contained in paragraph 19 of Plaintiff's Complaint except to admit that Plaintiff corresponded with various Pitney Bowes managers to discussing his opinions regarding his entitlement to commissions upon termination.

20. Admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Denies the allegations contained in paragraph 21 of Plaintiff's Complaint, except to admit that on October 12, 2007, Brenda Frank communicated with Plaintiff regarding the commissions to which he was entitled after his termination, and Plaintiff responded soon thereafter that he disagreed with her position.

22. (a through e). Denies each and every allegation contained in paragraph 22, subsections (a through e), of Plaintiff's Complaint.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint call for a legal conclusion and as such, they require no response. To the extent a response is required, Defendant denies the allegations contained in paragraph 23, of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, Plaintiff has failed to mitigate his damages.

### THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred by reason of estoppel and/or waiver.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**FIFTH ADDITIONAL DEFENSE**

No act or omission by the Defendants was a proximate cause of damage, if any, allegedly sustained by the Plaintiff.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's claims for breach of contract are barred because he has failed to satisfy a condition precedent.

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all claims so triable.

**RESERVATION OF RIGHTS CLAUSE**

Defendant reserve it rights to amend its answer and to assert any additional defenses as may become available or apparent during the course of discovery.

WHEREFORE, Defendants prays that the Court enter judgment:

1. Dismissing the Complaint with prejudice;

2. Granting Defendant its costs, including attorneys' fees, incurred in this action; and

3. Granting Defendant further relief as the Court may deem just and proper.

PITNEY BOWES INC.
By its Attorneys,

Lynn A. Kappelman, *pro hac vice*
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Local Counsel:

/s/Sheri L. Pizzi
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401)273-7171

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing document was served via electronic notice (CM/ECF) to:

C. Russell Bengtson, Esq.,
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence RI 02903,

Via regular first class mail to:

Lynn Kappelman, Esq.
Seyfarth Shaw LLP
World Trade Center East
Tow Seaport Lane, Suite 300
Boston, MA 02210

on April 21, 2008.

/s/Sheri L. Pizzi