UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM WALSH,<br>Plaintiff,<br>v.<br>PITNEY BOWES, INC. (sic),<br>Defendant. | ) | **C.A. NO. 08-116L** |

**DEFENDANT'S STATEMENT OF ELEMENTS**

Pursuant to the Court's Notice and Local Rule 16, Defendant Pitney Bowes Inc. ("Pitney Bowes" or "Defendant") respectfully submits the following written statement enumerating the elements of its Affirmative Defense filed in this matter. Defendant reserves the right to modify, amend and/or augment this statement as appropriate in the course of these proceedings.

**I. Defendant's Asserted Affirmative Defenses**

**a.** Defendant denies that the Plaintiff is entitled to any relief whatsoever and maintains that the Plaintiff will be unable to substantiate a claim for breach of contract.

**b. FAILURE TO STATE A CLAIM**

The Defendant may prevail on its defense of failure to state a claim upon which relief can be granted "[i]f it appears beyond a reasonable doubt that [the] plaintiff would not

be entitled to relief, under any facts that could be established…" McKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005).

**c. FAILURE TO MITIGATE**

"Under Rhode Island law a party claiming injury that is due to breach of contract…has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages." Tomaino v. Concord Oil of Newport, Inc., 709 A.2d 1016, 1026 (R.I. 1998).

**d. ESTOPPEL**

The Defendant may prevail on its claim of estoppel if it is demonstrated that the plaintiff made "an affirmative representation or equivalent conduct…which is direct to another for [the] purpose of inducing the other to act or fail to act in reliance thereon;" and, further "that such representation or conduct in fact did induce the other to act or fail to act to his injury." Lichtenstein v. Parness, 81 R.I. 35, 138 (R.I. 1953); See also Aldo's Mopeds, Inc. v. Najarian, 2005 WL 3276200, at *11 (R.I. Super. Ct. 2005).

**e. WAIVER**

"Waiver is the voluntary, intentional relinquishment of a known right. Contractual rights may be waived by conduct inconsistent with the express terms of the agreement." Violet v. Travelers Express Company, Inc., 502 A. 2d 347, 349 (R.I. 1985) (internal citations omitted).

**f. UNCLEAN HANDS**

The basis of this defense is that "he who seeks justice must do justice." Pursuant to Rhode Island law, "[i]t is only when the plaintiff's improper conduct is the source, or part of the source, of his equitable claim, that he is to be barred because of this [bad] conduct." Rodrigues v. Santos, 466 A.2d 306, 311 (R.I. 1983) (internal citations omitted). "What is material is not that the plaintiff's hands are dirty, but that he dirties them in acquiring the right he now asserts." Id.

**g. NO PROXIMATE CAUSE**

The basis of this defense is that "the defendant is not liable unless his or her actions were the *'primary'...cause* of that harm." Wells v. Unex Winter Optical, Inc., 635 A.2d 1188, 1191 (R.I. 1994) (internal citations omitted). Pursuant to Rhode Island law, for a defendant to be entitled to this defense, it must show that its actions were not "a substantial or primary cause of [the plaintiff's] injuries." Id.

**h. FAILURE TO SATISFY A CONDITION PRECEDENT**

Under Rhode Island law, where a contractual duty is subject to a condition precedent, there is no duty of performance and there can be no breach by nonperformance until the condition precedent is either performed or excused. Sclafani v. Gama, 1993 R.I. Super. LEXIS 78, at *7 (R.I. Super. Ct. 1993). In addition, "where parties contract and make performance conditional upon the happening of an occurrence of a particular matter, the contract imposes upon the party required to bring about the happening of that occurrence an implied promise to use good faith, diligence and best

PITNEY BOWES INC.
By its Attorneys,

Lynn A. Kappelman, *pro hac vice*
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800
Email: lkappelman@sayfarth.com

Local Counsel:

/s/Sheri L. Pizzi
R.I. Bar No. 4071
Email: spizzi@taylorduane.com
Angela L. Carr
R.I. Bar No. 7191
Email: acarr@taylorduane.com
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
401-273-7171
401-273-2904 – facsimile

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing document was served via electronic notice (CM/ECF) to:

C. Russell Bengtson, Esq.
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence RI 02903,
rbengtson@ckmlaw.com

on June 4, 2008.

/s/Sheri L. Pizzi